JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Mark Hodges appeals his conviction for menacing by stalking, in violation of R.C. 2903.211(A)(1), punishable as a first-degree misdemeanor. Following a bench trial, the trial court found Hodges guilty, sentenced him to 180 days of confinement, and placed him on probation for five years. The trial court suspended 60 days of the sentence of confinement and gave Hodges credit for time already served.
Pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, Hodges's appointed appellate counsel has advised this court that, after a thorough review of the record, he can find nothing that would arguably support Hodges's appeal. Appellate counsel has communicated his conclusion to Hodges and has moved this court for permission to withdraw as counsel. See id. at 744,87 S.Ct. 1396. Counsel has received no response from Hodges.
Counsel now requests that this court independently examine the record to determine whether the appeal is wholly frivolous. See id.; see, also, Freels v. Hills (C.A.6, 1988), 843 F.2d 958. We have done so, and we concur in counsel's conclusion that the proceedings below were free of error prejudicial to Hodges. Viewing the evidence admitted at trial in the light most favorable to the prosecution, the evidence could have convinced any rational trier of fact that the essential elements of the charged crime were proved beyond a reasonable doubt. See Statev. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541. We, therefore, overrule counsel's motion to withdraw from his representation of Hodges and affirm the judgment of the trial court.
Our determination that the proceedings below were free of prejudicial error also compels our conclusion that there were no reasonable grounds for this appeal. But because of Hodges's indigency, we allow no penalty.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Hendon, JJ.